UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

           Plaintiff,

-against-

VALENTINA DITOMASSO; INDEPENDENT LIVING INC.; SAFE HARBORS OF THE HUDSON INDEPENDENT LIVING INC.; ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICE,

           Defendants.

19-CV-10665 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Regina Lewis filed this complaint asserting disability discrimination claims against Valentina Ditomasso, Independent Living Inc., Safe Harbors of the Hudson Independent Living Inc., and the Orange County Department Of Social Service. ECF 1:19-CV-10665, 2. The Court grants Plaintiff leave to proceed *in forma pauperis*, but dismisses this action without prejudice.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### BACKGROUND AND DISCUSSION

The Second Circuit has instructed the district courts not to make a merits determination in an incompetent person's federal civil action unless the incompetent person is represented by a guardian *ad litem* who is represented by counsel. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009). District courts may dismiss such an action without prejudice if the incompetent person lacks counsel. *See id.* at 135.

On October 10, 2017, after conducting a competency hearing under Rule 17 of the Federal Rules of Civil Procedures in *Lewis v. Newburgh Hous. Auth.*, ECF 1:11-CV-3194, 201 (LMS), Magistrate Judge Lisa Margaret Smith determined that Regina Lewis "is not legally competent to proceed without the appointment of a [guardian *ad litem*]." (*Id.* at 21).[1] Accordingly, unless Plaintiff files a civil action through a guardian *ad litem* who is (or will be) represented by counsel, the Court must dismiss Plaintiff's civil actions without prejudice. The

---

[1] In *Lewis*, No. 1:11-CV-3194, the Court located *pro bono* counsel for Plaintiff and appointed Plaintiff's brother guardian *ad litem*, but he later withdrew. Counsel attempted to secure a replacement guardian *ad litem* through an Article 81 proceeding that counsel filed in state court. On April 19, 2018, *pro bono* counsel informed the Court that she withdrew the Article 81 state-court petition because "it was determined that [Plaintiff] will remain non-compliant and unprepared to participate." *Id*. (ECF No. 179).

Court therefore dismisses this action without prejudice because Plaintiff has filed it without a guardian *ad litem*.[2]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice because she can proceed in this Court only through a guardian *ad litem*.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 6, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff recently filed another complaint arising out of her housing situation. *See Lewis v. Bourne & Kenney Redevelopment Co.*, ECF 1:19-CV-9560, 4 (S.D.N.Y. Oct. 29, 2019) (dismissing complaint without prejudice in light of Judge Smith's order), *appeal pending* (2d Cir.).